IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                          )
    v.                    )    ID. No. 2110001942
                          )
KATHLEEN K. MCGUINESS,    )
    Defendant             )

Date Submitted:    October 20, 2021
Date Decided:      October 28, 2021

**ORDER**

**AND NOW, TO WIT**, this 28th day of October, 2021, the Court having duly considered the Defendant's Petition for Appointment of Private Counsel for a State Office ("Petition") and the State's response thereto, **IT APPEARS THAT**:

1. On October 11, 2021, a grand jury indicted Defendant, the Auditor of Accounts for the State of Delaware,[1] on the following charges: Conflict of Interest: Violation of the State Officials' Code of Conduct; Theft; Structuring: Non-Compliance with Procurement Law; Official Misconduct; and Act of Intimidation.[2]

---

[1] Defendant is a "public officer" pursuant to 29 *Del. C.* § 5812(n)(1)(a).
[2] Indictment, D.I. 1.

2. On October 14, 2021, Defendant, through her attorney, Steven P. Wood, Esq., filed the Petition pursuant to Delaware Supreme Court Rule 68 ("Rule 68"),[3] seeking Mr. Wood's appointment as Defendant's private counsel and requesting that he and his law firm be compensated at State expense.[4]

3. The State opposes the Petition, arguing that the relief sought controverts the clear and unambiguous language of 10 *Del. C.* § 3925, and granting the Petition would result in "deleterious" and absurd results.[5]

4. The Defendant did not reference 10 *Del. C.* § 3925 in her Petition. 10 *Del. C.* § 3925 provides:

> Any public officer or employee, in a criminal or civil action against the person arising from state employment, shall be entitled to petition the court for a court-appointed attorney to represent the person's interests in the matter. I the judge, after consideration of the petition, examination of the petitioner and receipt of such further evidence as the judge may require, determines that the petition has merit, the judge shall appoint an attorney to represent the interests of such public officer or employee. The court-appointed attorney shall represent such person at all stages, trial and appellate, until the final

---

[3] Mr. Wood has represented Defendant in this matter since approximately September 10, 2021. He and the Defendant formalized his representation by a letter of engagement on September 13, 2021. Petition, D.I. 7 at 3.

[4] The requested rates are set forth in the Petition: Mr. Wood and other partners: $550.00 per hour. (Paragraph 7 of the Petition states in pertinent part: "Undersigned counsel wishes to advise the Court that his hourly rate requested herein ($550.00 per hour) is somewhat higher than the rate that the Defendant is currently paying for his services in this matter. The Defendant and undersigned counsel negotiated that rate before indictment, and so the rate reflected the procedural posture of the matter at that time, as well as the fact that Defendant is a private client with limited resources...."); Associates: $425.00 per hour, or at a given associate's standard billing rate if said rate is less than 425.00 per hour; and Paralegals: $325.00 per hour, or at a given paralegal's standard billing rate if said rate is less than $325.00 per hour. Petition D.I. 7, at 3-4.

[5] State's Response, D.I. 11, at 6-7.

determination of the matter, unless the attorney is earlier released by such person or by the court. The court may first appoint an attorney from the Department of Justice. **If the court determines that the Department is unable to represent such public officer or employee, the court may appoint an attorney from the Office of Defense Services in criminal actions only,** and in civil actions may appoint an attorney licensed in this State. This section shall also apply to all federal courts within this State. (emphasis added)

The language of the statute is clear and unambiguous, and thus the plain meaning of the statutory language controls.[6] And, as the State correctly notes, the statute outlines a simple process. A public officer charged with conduct arising from her State employment is entitled to a defense provided by the Department of Justice ("DOJ"). If the DOJ is unable to represent the public officer, the Office of Defense Services ("ODS") is the public officer's court-appointed alternative.[7]

5. The Defendant's Petition relies on Rule 68.[8] Rule 68 provides, in pertinent part:

> **Rule 68. Appointment of counsel for State Officers and employees.**
> (a) Petitions for appointment. – A public officer or employee of the State named as a defendant in a civil or criminal action

---

[6] *Shawe v. Elting*, 157 A.3d 152, 164 (Del. 2017) (citing to *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 932-33 (Del. 2007) (quoting *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999)).
[7] *See Camp Hebron Foundation, Inc. v. Thomas C. Smith, et al*, 1997 WL 358639 *1 (Del. Super. March 15, 1997), see also 29 *Del. C.* § 2504(3) Notwithstanding any other laws, to represent as counsel in all proceedings or actions which may be brought on behalf of or against them in their official capacity in any court, except in actions in which the State has a conflicting interest, all officers, agencies, departments, boards, commissions and instrumentalities of state government.
[8] *Nelson v. Frank E. Best, Inc.*, 768 A.2d 473, 490 (2000).

brought in a court of the State of Delaware or in the United States District Court for the District of Delaware for acts arising out of the public officer's or employee's employment by the State may petition for appointment of counsel...

When considering appointment of counsel for State officials, the Court has consistently considered Rule 68 *and* 10 *Del. C.* § 3925.[9] Section 161 of Title 10 gives the Supreme Court the authority to "adopt . . . general rules . . . and regulate the practice and procedure governing causes and proceedings before the Court."[10] Rule 68 only becomes applicable when read in conjunction with § 3925.

6. It is undisputed that the DOJ is unable to represent the Defendant, and ODS *is* able to represent her.[11]

---

[9] *See e.g., Postell v. Eggers, et al.,* 2007 WL1749965*1 (Del. Super. May 31, 2007).

[10] 10 *Del. C.* § 161(a). Section 161 states

(a) The Supreme Court may, from time to time, adopt and promulgate general rules, or where it deems it best for the advancement of justice may make special orders, which establish terms of the Court, provide for the holding of regular and special sessions, fix the time of and otherwise regulate the return of process issued out of the Court, fix the fees which shall be paid and the costs which shall be taxed in the Court, provide for the conduct of business of the Court, and regulate the practice and procedure governing causes and proceedings in the Court.

(b) The Rules of the Supreme Court shall, after they have taken effect, supersede all statutory provision in conflict or inconsistent therewith.

(c) The rules shall not abridge, enlarge or modify any substantive right of any party.

[11] Chief Defender O'Connell, by correspondence dated Oct. 19, 2021 (D.I. 12), informed the Court that the ODS does not have a conflict with representing the Defendant.

4

**WHEREFORE, IT IS HEREBY ORDERED THAT** Defendant's Petition is **DENIED** and the Office of Defense Services is appointed as counsel for the Defendant.

President Judge Jan R. Jurden